

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-85,709-06 & 85,709-07

### EX PARTE JAMES DEWAYNE HOISAGER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. CR37230 A & CR37229 A IN THE 142ND DISTRICT COURT
### FROM MIDLAND COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of theft and sentenced to six months' imprisonment on each count. He did not appeal his convictions.

Applicant contends, among other things, that trial counsel rendered his guilty pleas involuntary. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order guilty-plea counsel to respond to the claims in Applicant's first and third grounds. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether guilty-plea counsel was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient conduct. In making these findings and conclusions, the trial court shall determine whether counsel's decisions were economic rather than strategic. *See Ex parte Briggs*, 187 S.W.3d 458, 467 (Tex. Crim. App. 2005). The trial court shall also make any other findings and conclusions that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: November 27, 2019
Do not publish